UNITED STATES (PEGRAM v.). See Case No. 10,906.

---

## Case No. 16,023.

### UNITED STATES v. PELLETREAU.

[14 Blatchf. 126.] [1]

Circuit Court, E. D. New York. Feb. 5, 1877.

OFFENSES UNDER POSTAL LAWS — EMBEZZLEMENT AND STEALING OF LETTERS.

1. Under section 5467 of the Revised Statutes, an indictment will lie which charges a person employed as a letter carrier in the postal service, with having embezzled a letter which was intended to be conveyed by mail and contained an article of value, and had been entrusted to him, and had come into his possession as such letter carrier.

[Cited in U. S. v. Wight, 38 Fed. 107; U. S. v. Larcher, 134 U. S. 632, 10 Sup. Ct. 628.]

2. Said section 5467 is not confined to the offence of stealing or taking things out of a letter, packet or bag.

[Cited in U. S. v. Falkenhainer, 21 Fed. 627.]
[Cited in U. S. v. Fuller, 4 N. M. 358, 20 Pac. 177.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[This was an indictment against John Pelletreau for embezzling a letter from the United States mails. Heard on motion to quash.]

Asa W. Tenney, U. S. Dist. Atty.
John J. Allen, for defendant.

BENEDICT, District Judge. This is a motion to quash an indictment framed under section 5467 of the Revised Statutes of the United States, upon the ground that the facts stated do not constitute an offence. The averments of the indictment are, that the accused was a person employed as a letter carrier in the postal service of the United States, and embezzled a certain letter, described, which was intended to be conveyed by mail, and which contained an article of value, described, which said letter had been entrusted to the accused, and had come into his possession as such letter carrier. The contention in behalf of the accused is, that the only offence created by section 5467 is that of stealing or taking things out of a letter, packet or bag. The section is in these words: "Any person employed in any department of the postal service who shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail carrier, mail messenger, route agent, letter carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post office or branch post office established by authority of the postmaster-general, and which shall contain any note, bond, draft, check, warrant, revenue stamp, postage stamp, stamped envelope, postal card, money order, certificate of stock, or other pecuniary obligation or security of the government, or of any officer or fiscal agent thereof, of any description whatever; any bank note, bank post bill, bill of exchange, or note of assignment of stock in the funds; any letter of attorney for receiving annuities or dividends, selling stock in the funds, or collecting the interest thereof; any letter of credit, note, bond, warrant, draft, bill, promissory note, covenant, contract, or agreement whatsoever, for or relating to the payment of money, or the delivery of any article of value, or the performance of any act, matter or thing; any receipt, release, acquittance, or discharge of or from any debt, covenant or demand, or any part thereof; any copy of the record of any judgment or decree in any court of law or chancery, or any execution which may have issued thereon; any copy of any other record, or any other article of value, or writing representing the same; any such person who shall steal or take any of the things aforesaid out of any letter, packet, bag, or mail of letters which shall have come into his possession,

either in the regular course of his official duties or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor for not less than one year nor more than five years." It is contended that this section omits to say that persons doing any of the acts that are mentioned in the section prior to the last semicolon in it shall be liable to punishment, and makes punishable only the acts mentioned after the words "any such person who shall," following the semicolon. But this construction of the section is entirely too strict even for a criminal statute. It is conceded, that, if the conjunction "and" had been inserted between the semicolon and the words "any," the statute would be complete. But, the omission of the conjunction, by way of ellipsis, in such statutes, is a very common thing. Sections 5463 and 5464 just above, present several instances of such omissions. The intention of the statute is as plain without the conjunction as with it. Manifestly, two classes of offences are intended to be created, one relating to the embezzlement of letters, &c., the other relating to stealing the contents of letters; and this intention is carried out if we suppose an ellipsis, while, without an ellipsis, a very considerable part of the section is useless and void. According, then, to the familiar rule of construction, the statute should be read so as to render its language effective, and, by inserting the conjunction, this is done. So read, it creates the offence charged in the indictment. The motion to quash is, therefore, denied.